SILAS WRIGHT

*against*

WILLIAM COOPER and AZARIAH TOUSEY.

TRESPASS. The plaintiff in substance declared, that he was possessed of a farm of 290 acres of land in *Weybridge,* bounded on *Otter* Creek; that the defendants, between the 4th of *May,* 1797, and the 7th of *August,* 1799, erected dams at the head of the falls on *Otter* Creek, within the city of *Vergennes,* which occasioned an unusual rising of the waters, and caused them to overflow his lands, whereby his crops were destroyed, and his farm otherwise injured, *ad damnum.*

An action founded on tort may be sustained against one or more defendants; and if two defendants join in pleading the general issue, and the Jury find one guilty and exculpate the other, this will be no cause for setting aside the verdict.

The action was instituted the 7th of *August,* 1799. The defendants pleaded jointly the general issue, and the cause was tried by the Jury at the last term.

On the hearing it appeared clearly, that the damage was done, and the overflowing of the waters occasioned, by the erection of the dams; that there is a small island in the creek at the head of the falls; that there were two dams connecting this island with its eastern and western shores. The western dam had been erected before the revolution, and had occasioned no damage to the plaintiff until the erection of the eastern; but it had been built upon by one *Fairchild,* who held it by lease as a privilege and appurtenance of the mill site. At the commencement of the action it was owned by the defendant *Cooper,* by deed dated 13th of *February,* 1799, conveying

54

the site of the mill and its appurtenances, subject to the incumbrance of *Fairchild's* lease. That the defendant *Cooper*, upon being informed of the injury occasioned by the dam to the lands of the plaintiff and others, directed the dam to be immediately removed, and it was accordingly removed in *November*, 1799.

That the eastern dam was erected in *May*, 1797, by one *Burling*, who held the mill site on that side by lease ; but the mill site, with its privileges and appurtenances, were owned by the defendant *Tousey*, who was in possession during the years 1797, 1798, and 1799.

The Jury found the defendant *Tousey* guilty, and assessed damages, and found the defendant *Cooper* *not guilty*.

After verdict, the defendant *Tousey* filed the following rule by leave of Court.

| | |
|---|---|
| *Silas Wright* <br> v. <br> *William Cooper* <br> and <br> *Azariah Tousey.* | *Addison* County, Supreme Court of Judicature, *January* term, A. D. 1802. |

And now the said *Azariah Tousey*, in Court here by his attornies, *Daniel Chipman* and *Josias Smith*, after verdict and before judgment rendered thereon, moves a rule upon the said *Silas Wright*, to shew cause, if any he have, why the said verdict should not be set aside.

Because he says,

First. That in said action the said *Silas* declared against him the said *Azariah* and the said *William*

*jointly* in a plea of trespass on the case for building and erecting certain dams and dykes, &c. on the said falls of *Otter* Creek, and continuing the same, by means of which the lands of the said *Silas*, in his declaration described, were overflowed and injured to his damage, and that the said *Azariah* and *William*, the defendants in said action, jointly pleaded thereto the general issue, which was joined by the said *Silas;* and the Jury, on the issue so joined as aforesaid, found the said *Azariah only* guilty, and the said *William* not guilty : whereas by the law of the land no verdict could be had or rendered, either against the said *Azariah* or the said *William*, separately.

Secondly. That on the trial of said action it appeared, that the said *Azariah* and *William* had not any joint interest in building, erecting, or continuing the said dams, dykes, &c. and a joint action therefor could not by law be maintained against them the said *Azariah* and *William*.

*Chipman* and *Smith.*


At this term the motion was argued and decided.


*Amos Marsh*, for the plaintiff, now shewed cause.

The first exception to the verdict, is,

That the Jury have found the defendant *Tousey* guilty, when he and the co-defendant pleaded the general issue jointly.

There is a distinction to be taken between actions on contracts and torts. In the former case all the parties must be sued ; in the latter one or more. Therefore we read in *Williams's Abridgment*, vol. 1. p.2. where *ex contractu*, all parties to be sued; where

Wright<br>v.<br>Cooper and<br>Tousey.

*ex delicto*, here the trespass is severed, and one or more may be sued.

In the case of *Mitchell* v. *Tarbut and others*, *Term Reports*, vol. 5. p. 649, 650, 651. Lord *Kenyon* remarks, " I have seen the case of *Boson* v. *Sandford* in the different books in which it is reported, in all of which this doctrine is clearly established, that if the cause of action arise *ex contractu*, the plaintiff must sue all the contracting parties; but where it arises *ex delicto*, the plaintiff may *sue all or any of the parties*, upon each of whom individually the trespass attaches."

So in *Wilson's Reports*, vol. 1. p. 200. *Sudley* v. *Mott et al.*

In the case of *Rice* v. *Shute*, 5 *Burr*. p. 2612. Lord *Mansfield* said, the distinction is to be found in *all the books*, that in torts all the trespassers need not be made parties. It is left entirely to the option of the plaintiff.

So in the more ancient authorities. *Cro. Car.* p. 239. *Mills* v. *Mills*, and *Cro. Eliz.* p. 701. *Marsh* v. *Vaughen and Veal*. Also in *Carthew*, p. 171, 172. *Sir Peter Rich* v. *Pilkington, Lord Mayor of London*, in the case of a *mandamus*, that where the return is made by several persons, the action may be joint against all or several, *being founded on a tort or injury*. Wherever the proper issue is not guilty, the action is in its nature founded on tort.

Wherever one or more may be sued in the same writ, there the Jury may assess several damages, or find one guilty and exculpate the others.

That the defendants pleaded jointly does not take this action out of the rule. The plaintiff had no con-

trol over their mode of pleading. Their joining in the plea was not demurrable. If they erred it was their own laches, and neither of them can take advantage of it.

The second exception is,

That the defendants could not be joined in the action, because each owned a separate dam, and they had no common interest.

It is totally immaterial, whether the defendants had a joint interest in erecting or continuing the dam, or not. The defendant *Tousey* does not, even in his motion, say that they did not jointly erect them; but if he had laid it right, the authorities already cited, as well as the uniform practice of this Court, shew that an action will lie against several *as* joining in a trespass. If it afterwards shall appear on the trial, that they are not at all interested in the act from which consequential damages have ensued, in trespass on the case, it can be no injury to the one who is found by the Jury to have been interested, that the others are exculpated by the Jury.

The language of the defendant is simply this : I have, it is true, greatly injured my neighbour, and the Jury of my country have said I shall pay him damages; but I beg to be excused, because the plaintiff has unfortunately sued an innocent person with me.

*Daniel Chipman, contra.* I never wish to contest the received rules of law. There can be no doubt, that when an action is founded on tort, an action well lies against one or more; but that must be where the trespass is *entire*, as in the case cited from *Term Reports*, where one ship was suffered to run against ano-

·ther.   But where· the torts are separate, the action must be separated.   Where a single injury is done, and numbers are concerned in doing of it, certainly the action will lie against one or more of them.   But if I own separate farms, and a trespass by separate persons is done on each, can they be joined in one action.?   Or if two ships run against my vessel at different times, the first doing such damage as would not have sunk her, and the second doing afterwards as actually sunk her, but which would not have happened but from the injury she received from the first assailant, could I join the owners of both these ships in the same action of trespass on the case for sinking my vessel?   This is similar to the present action. The plaintiff's farm has been overflowed and injured by the erection of two dams built at different times, each projecting from an island, and obstructing several channels in *Otter* Creek.   If either of the dams had been solely erected, the obstruction of the water would not have been such as to have occasioned the injury to the plaintiff, can the separate owners of these dams be joined in the same action for their separate. acts?   The act of either was independent of the other.

*Samuel Miller.*   The rule to shew cause why the verdict should not be set aside, is in the nature of a demurrer to our declaration ; for though it contains two exceptions to the verdict, they both go to the mode of bringing the action.

We have declared against two for an entire injury. The action is founded on, tort, and we had a right so to do, as we have fully shewn from the books.   Might

not we have entered a *nolle prosequi* against the defendant *Cooper*, and proceeded against *Tousey*. If a *non est* had been returned as to the former, would the writ have abated as to the latter? might not the Jury have assessed separate damages? or were they not warranted in doing as they have done—find one guilty and exculpate the other?

The rule merely requests of the Court to set aside the verdict. The consequences of this must be a *venire de novo*. If the verdict is set aside, shall we not have a right then to enter a *nolle* as to *Cooper?* Could we proceed' against him after a verdict with which he is content? He has not joined in the motion for the rule.'

Whenever a motion is made to set aside a verdict, the question always arises, *cui bono.* Ample justice has been already done.' Guilt is brought home to the actual trespasser, and the innocent has gone free.

### Opinion of the Court.

The practice of the Court has ever been to sustain actions founded on tort against one or more defendants.

There is something singular in the present action, as exhibited in evidence on the trial.

The plaintiff has a farm bounded on a river. Two dams have been erected in the stream, which caused the waters to overflow the plaintiff's lands, by which he has been materially injured. The plaintiff has brought his action against the separate owners of these dams. Both dams must have been erected be-

fore any damage could have resulted. It is contended, that the two owners could not be joined in the same writ, or if they were they could not be distinguished in the verdict.

If the plaintiff had brought his action against one of the owners, his counsel would have argued, that his dam alone did not cause the injury, and so it might have appeared to the Jury.

If he had brought his action against him who erected the second dam, by which the more immediate injury was occasioned, he would say, If the other dam had not been erected, mine would have occasioned no damage. Why did you not combine in the action him who made the first obstruction in the river? If one is responsible, both are; and he who received equal benefit from the dams, ought equally to contribute in repairing the injury caused by them.

The Court therefore consider, that the action will lie against both; and that the Jury were the proper board, having the whole subject before them, to decide where the blame lay.

It appears to the Court, that substantial justice is done by the verdict.

Therefore let the rule be discharged.

*Samuel Miller* and *Amos Marsh,* for plaintiff.
*Daniel Chipman* and *Josias Smith,* for defendant.