Cumberland & Oxford Canal Corporation v. Hitchings.

---

CUMBERLAND & OXFORD CANAL CORPORATION *vs.* GEORGE F. HITCHINGS.

*Statute—construction of.*

Section 7,* c. 74, of the Special Laws of 1821, did not take away from the plaintiffs the common-law remedy of trespass *quare clausum*.

ON EXCEPTIONS to the ruling of *Lane*, J., of the superior court for this county, at the February term, 1872.

TRESPASS for that the defendant, at said Portland, on the twenty-first day of August, A. D. 1867, and on divers other days before

---

*Special Laws of 1821, c. 74, § 7. If any person or persons shall willfully, maliciously, or contrary to law, take up, remove, break down, dig under, or otherwise injure any part of said canal, or any work connected with or appertaining to the same or any part therof, such person, for every such offense, shall forfeit and pay to such corporation a sum not less than fifty dollars, nor more than five thousand dollars. And such offender shall further be liable to indictment for such trespass, and on conviction thereof, shall be sentenced to pay a fine to the use of the State, not more than one hundred dollars nor less than twenty-five dollars.

said time, and between said times and the day of the purchase of this writ, with force and arms, broke and entered the plaintiffs' close, at a part thereof situated in said Portland, to wit, at a place near Vaughan's bridge, so called, and then and there did fill with dirt, gravel, stones, and other material, the whole width of the canal, as legally existing and constructed between the exterior banks thereof, and for a distance of seventy-five yards wide and two hundred yards long between said canal banks, so as to completely and absolutely exclude all water, boats, and other uses of said canal, within the limits and for the distance aforesaid, and absolutely destroy, for the present time, said canal within the limits and for the distance aforesaid, and utterly defeat, hinder, and prevent the use of the same as aforesaid, and prevent and hinder the construction of a lock by the plaintiffs, for connecting said canal at its terminal point, in said Portland, to and with the navigation of the harbor of said Portland below said Vaughan's bridge, as was and still is contemplated by the plaintiffs.

Also for that the defendant, at said Portland, on the twenty-first day of August, A. D. 1867, and on divers other days before said time and between said times and the day of the purchase of this writ, with force and arms broke and entered the plaintiffs' close, at a part thereof situated in said Portland, to wit, at a place near Vaughan's bridge, so called, and then and there did fill with dirt, gravel, and stones, and other material, the whole width of said canal, as legally existing and constructed between the exterior banks thereof, and for a distance of seventy-five yards wide and two hundred yards long between said canal banks, so as to completely and absolutely exclude all water, boats, and other uses of said canal, within the limits and for the distance aforesaid, and kept and continued said dirt, gravel, and stones, and other material, so placed in said canal, as aforesaid, without the leave or license, against the will of the plaintiffs for a long space of time, to wit, and from said first day of August, A. D. 1867, hitherto, to wit, until the date of this writ, and thereby and therewith, during all the time aforesaid, wholly encumbered the said close, and prevent-

ed and deprived the plaintiffs from having the use thereof, as they otherwise would have had, at said point of said canal near said Vaughan's bridge as aforesaid.

The defendant demurred and the plaintiffs joined the demurrer. The judge sustained the demurrer, *pro forma*, and adjudged the declaration bad, and the plaintiffs alleged exceptions.

*Mattocks & Fox*, for the plaintiffs.

*Symonds & Libby*, for the defendant,

Contended that the remedy provided in § 7 of the charter is exclusive and not cumulative, and cited *Bath* v. *Miller*, 51 Maine, 347; *Knowlton* v. *Ackley*, 8 Cush. 97; Potter's Dwarris on Stat. (1871), 275, note 5; *Bassett* v. *Carleton*, 32 Maine, 553.

An invasion of the statute right is the gravamen of the complaint, a right not existing at common law, but created by the charter which provides the remedy.

The remedies in § 7 are ample. If not, six sections, §§ 15–20 in Special Laws of 1830, c. 86, will supply any deficiency. The care with which the legislature sought to cover every possible contingency is a sure indication that the remedies herein provided were intended to be exclusive.

In §§ 14, 16, and 18, the common-law remedy is expressly retained, while it is otherwise in the original charter.

APPLETON, C. J. This is an action of trespass *quare clausum.*

The plaintiff corporation was created by the special act of 1821, c. 74, passed March 15th.

By § 7, "if any person or persons shall willfully, maliciously, or contrary to law," commit certain trespasses therein specified, "such person or persons shall forfeit and pay" a sum not less than fifty dollars, nor more than five thousand dollars, and be further liable to indictment for such trespass or trespasses, etc.

It is insisted that the only remedy for the plaintiffs is under this section, and that the action for trespass *quare clausum* is not maintainable.

But such, we think, cannot have been the intention of the legislature. The penalty is imposed for certain trespasses committed "willfully, maliciously, and contrary to law." The action for such penalty must be commenced "within one year after the offense was committed." R. S. 1871, c. 81, § 90.

This is an action for a trespass in breaking and entering the plaintiffs' close and committing certain trespasses therein. There is a manifest difference between a mere trespass and a trespass committed "willfully, maliciously, and contrary to law." A trespass may be committed without malice and under color of right. According to the construction of the statute, by the defendant's counsel, the plaintiff can only recover for trespasses committed "willfully, maliciously, or contrary to law" and are without remedy for all other trespasses.

Statutes are not to be construed as taking away a common-law right, unless the intention is manifest. Nothing here indicates such an intention. The seventh section was for the increased protection of the plaintiffs' rights for their diminution or destruction. Nothing indicates that the legislature intended to deprive the plaintiffs of all remedy for trespasses committed on their premises except for those which are willful and malicious and contrary to law, and that all right of action should be barred by a limitation of one year. *Demurrer overruled.*

*Declaration good.*

Kent, Walton, Dickerson, Barrows, and Tapley, JJ., concurred.