In the Matter of the Claim of CHARLES BIDELMAN, as Supervisor, etc., Appellant, *v.* THE STATE OF NEW YORK, Respondent

As, by statute, the primary responsibility for the maintenance and repair of highway bridges in a town is cast upon the town (1 R. S. 502, §§ 2, 3, 4, chap. 274, Laws of 1832; chap. 65, Laws of 1857; chap. 108, Laws of 1858; chap. 700, Laws of 1881), it has such an interest in the preservation of such a bridge as gives it a right of action against any person who, intentionally or by negligence, injures it, making repair or rebuilding necessary, to recover the expense incurred.

Where, therefore, through the negligence of the agents of the state certain highway bridges of a town were injured, *held*, that the state was liable for the expenses incurred in making the necessary repairs (Chap. 321, Laws of 1870); also, that the claim therefor, on behalf of the town, was properly presented in the name of its supervisor.

*Cornell* v. *B. & O. T. Co.* (25 Wend. 365); *Morey* v. *Town of Newfane* (8 Barb. 645); *Monk* v. *Town of New Utrecht* (104 N. Y. 552); *People* v. {*Auditors, etc.,* (75 id. 316); *Town of Fishkill* v. *F. & B. P. R. Co.* (22 Barb. 634); *Town of Galen* v. *C. & R. P. R. Co.* (27 id. 543); *People* v. *Pennock* (60 N. Y. 421) distinguished.

(Argued June 26, 1888; decided October 2, 1888.)

APPEAL from a decision of the Board of Claims awarding nothing upon a claim presented by claimant as supervisor of the town of Gaines for expenses incurred by the town in

repairing highway bridges and culverts in the town alleged to have·been injured through the negligence of the officers and agents of the state.

The material facts are stated in the opinion.

*Edwin L. Wage* for appellant. The proceeding was properly commenced in the name of the supervisor. (Code of Civil Pro. § 1926 ; *Bridges* v. *Board of Supervisors*, 92 N. Y. 570.) The town is now liable in all cases where formerly a commissioner was liable, and formerly commissioners were liable if they did not keep watch of bridges and keep them in repair. (2 R. S. [7th ed.] 1213 ; *Bostwick* v. *Barlow*, 14 Hun, 177 ; *Hover* v. *Barkhoff*, 44 N. Y. 113 ; *Lament* v. *Haight*, 44 How. 5 ; *S. P. Warren* v. *Clement*, 24 Hun, 472.) This action is not to recover for damages to the right of passage sustained by claimant, in common with the traveling public, but for a special damage, and money actually laid out in repairing damage, and may be maintained by the claimant. (*Pierce* v. *Dart*, 7 Cow. 609 ; *Griffin* v. *Mayor, etc.*, 9 N. Y. 462 ; *Francis* v. *Schoellkopf*, 53 id. 152 ; Thomp. on Highways, 256, 257 ; 3 Foster [N. H.] 83 ; 44 N. H. 105 ; *Mead* v. *Jenkins*, 27 Hun, 570 ; *Lawrence Co.* v. *Chattaroi R. R. Co.*, 1 Ky. [L. R. & J.] 36 ; *Hampshire* v. *Franklin*, 16 Mass. 87 ; *Inhabitants of Lincoln Co.* v. *Prince*, 2 id. 543 ; 28 Alb. L. J. 83 ; *Mahady* v. *Bushwick R. R. Co.*, 91 N. Y. 148.) The town having been actually put to the expense of repairing can recover. (*Freedom* v. *Weed*, 40 Me. 384.) Even if the town was not the owner of the bridges the liability to rebuild would give a right of action. (*Cook* v. *Champlain Transportation Co.*, 1 Denio, 91 ; *Austin* v. *H. R. R. R. Co.*, 25 N. Y. 334.)

*Charles F. Tabor*, attorney general, for respondent. Bidleman, as supervisor, had no authority to file this claim, and has no standing in court to prosecute it. (1 R. S. [7th ed.] 805, 826, 840 ; *Palmer* v. *Fort Plain and Cooperstown Plankroad Co.*, 11 N. Y. 376 ; *Cornell* v. *Town of Guilford*, 1 Denio, 511 ; *People* v. *Board of Supervisors*, 93 N. Y. 403.)

The town itself has no such interest or property in the public highways and bridges within its limits as will entitle ·it to maintain this claim. (*Cornell* v. *Butternut and Oxford T. Co.*, 25 Wend. 368; *Morey* v. *Town of Newfane*, 8 Barb. 645; *Town of Fishkill* v. *Fishkill & Beekman Plankroad Co.*, 27 id. 634; *People* v. *Pennock*, 60 N. Y. 421; *Town of Galen* v. *Clyde & Rose Plankroad Co.*, 27 Barb. 543, 551; *People ex rel. Loomis* v. *Board of Town Auditors*, 75 N. Y. 319; *People ex rel. Everett* v. *Board of Supervisors*, 93 id. 397; *Monk* v. *Town of New Utrecht*, 104 id. 557.) The provisions of chapter 700 of the Laws of 1881 do not change the status of this claimant. (*Brown* v. *Clark*, 77 N. Y. 373; *Farman* v. *Town of Ellington*, 46 Hun, 41.) In everything which concerns the administration of civil or criminal justice the conservation of highways, roads and bridges, ＊ ＊ ＊ the several towns are political divisions organized for the convenient exercise of portions of the political power of the state, and are no more corporations than the judicial or the senate and assembly districts. (11 N. Y. 302; *People ex rel. Van Keuren* v. *Town Auditors*, 74 id. 316.) The state has not, by the act of 1870, chapter 321, assumed any liability for an injury to one of its own political divisions. (*Lewis* v. *State*, 96 N. Y. 71; *Rexford* v. *State*, 105 id. 229.)

DANFORTH, J. Every fact essential to a just cause of action for damages incurred through the negligence of another was found to exist, but the claim for compensation denied upon the sole ground that "the bridges and culverts" in question were not the property of the town of Gaines, and hence that an action could not be maintained if the claim were against an individual or a corporation, and consequently could not be properly presented against the state. It is, among other things, provided by the Code (§ 1926), that an action or special proceeding may be maintained by the supervisor of a town " to recover damages for an injury to the property or rights of that officer or the body represented by him. The supervisor represents the town. The section quoted is substantially a re-enactment

of the provision of the Revised Statutes (2 R. S. 473, §§ 92, 93), and in like manner merely prescribes the mode of enforcing such rights and claims as belong to the supervisor or the town, without defining them or declaring their nature or extent. But the facts presented by the appellant bring the case within other statutes, devolving a duty upon the town, which, being performed at an expense, entitles it to reimbursement at the hands of the wrong-doer who occasioned it. The facts found are that by a break in the Erie canal, in the town of Gaines, caused by the negligence of the agents and officers of the state, "three public bridges and a culvert in that town were injured to the extent of $1,200." By statute the primary responsibility for the maintenance and repair of highways and bridges is cast upon the several towns of the state. It is true that the duty of care and superintendence over them is imposed upon the commissioners of highways, and they are to cause highways, and bridges over streams intersecting highways, to be kept in repair. (1 R. S., chap. 16, title 1, art. 1.) Their action, however, whether in ordinary (1 R. S., *supra*, §§ 3, 4), or extraordinary cases (Laws of 1832, chap. 274; Laws of 1857, chap. 615; Laws of 1858, chap. 103), is at the expense of the town and to be met by assessment in the same manner as other town charges. (1 R. S., *supra*, §§ 3, 4.) So the statute (Laws of 1881, chap. 700), entitled "An act to provide for the liability of towns and commissioners of highways in certain cases," lays upon the town a liability for all damages to persons or property by reason of "defective highways or bridges in such town." Being charged with these various duties and made subject to liability, it would seem to follow that the town had such an interest in the preservation of its bridges as would give a right of action and a remedy over against any person who, intentionally or by negligence, made repair or rebuilding necessary.

The statute last cited (Laws of 1881, *supra*), expressly gives an action to the town against its commissioners of highways, if the defect complained of occurred by his misconduct or neglect, thus extending to the officer a principle well settled

in relation to others, viz., that where it appears that an obstruction or defect in a highway, which occasioned an injury, was caused by a third person, the corporation may have a remedy over against him. The same principle makes one causing injury to a bridge, which it is the duty of the town to repair and keep in order, liable to the town for the necessary expense of· reparation. In the case now before us the state occupies that position. The negligence of its agents caused injury to the bridges of the town, and the damages claimed are such only as will restore money actually expended by it. We think, therefore, the claim should have been allowed as one prosecuted by a proper party. We are referred to no reported decision, nor, indeed, to the decision of any court, that there may not be in the town such property, or at least such incident of property, but only to an unreported decision wherein the canal appraisers held that the highway was not the property of the town and so the town not entitled to recover. The decisions of the courts, cited by the attorney general in behalf of the respondent, do not require us to adopt that conclusion. The reason on which the judgments in those cases rested cannot apply here, for the facts are different. They are the following: *Cornell & Clarke* v. *Butternutts & Oxford Turnpike Company* (25 Wend. 364), in which the plaintiffs, as commissioners of highways of the town of Guilford, sued the turnpike company for taking possession of a highway and appropriating it to their purposes previous to the appraisal of damages and payment of the same. It was a case of interruption, and the remedy of the plaintiffs was said to be by "indictment, summary abatement or penalty," or that prescribed by the statute relating to turnpike companies (1 R. S. 583, § 29), upon which the right to compensation was founded, and that private remedies were confined to the owner of the soil " or persons who had sustained a particular injury." If I am right in the views already stated, the claimant is in the latter class. *Morey* v. *Town of Newfane* (8 Barb. 645), was an action for damages for injury to horses by defect in the highway. It was held that under no circumstances

would the action lie. But, however it might be as the law then (1850) was, it is clear that the law of 1881 (*supra*) gives in certain cases such remedy. (*Mark* v. *Town of New Utrecht*, 104 N. Y. 557.) The same remark applies to the *People* v. *Auditors of Little Valley* (75 N. Y. 316). The *Town of Fishkill* v. *Plank Road Company* (22 Barb. 634, 647) and *Town of Galen* v. *Plank Road Company* (27 id. 543), were actions upon agreements to which the town was not a party. The *People* v. *Pennock* (60 N. Y. 421), involved nothing else than the destruction of a bond given by a supervisor. None of these cases, nor the principle on which they rest, touch the question presented upon this appeal. On the other hand, it is within the reason which led to the decision in *Bridges* v. *Supervisors* (92 N. Y. 570). It should be answered in favor of the appellant and a remedy allowed, because the town was under an obligation to keep in repair its bridges and make them suitable for public travel, so that it shall incur no liability from their defects, and it may have compensation from one who wrongfully, by negligence or otherwise, makes such repair necessary and so exposes it to the expenditure of money.

And since no other objection to the claim is made, we think the award should be reversed and the claimant allowed the sum demanded, with interest from the commencement of the proceedings, viz., the 24th of August, 1881, and costs.

All concur.

Ordered accordingly.