William D. Ames *v.* Dorset Marble Co. & D. S. Kent & Co.

# WILLIAM D. AMES *v.* DORSET MARBLE CO. & D. S. KENT & CO.

*Former adjudication. Mill-owners. Not jointly liable for deposits. Watercourse.*

1. The orator brought suit to restrain the defendant from obstructing a watercourse whereby the water was set back upon his meadow, and alleged that in a former suit at law the same question had been determined in his favor. It was found that this suit and the suit at law were for substantially the same cause of action. *Held,* that this finding was conclusive of the right of the orator against the defendant.

2. A land owner may change or modify the flow of a stream across his own lands, but not in such a way as to injure other lands upon the same stream.

3. Where the deposits from two mills situated one above the other upon a stream together cause injury to adjacent lands, their owners are not liable as joint tort feasors, but each is severally responsible for the proportion of the damages caused by his mill.

Bill in chancery to enjoin the defendants from obstructing a watercourse. Heard upon the pleadings and a masters' report at the June term, 1890, Bennington county. Royce, Chancellor, decreed for the orator.

The defendants appeal.

The orator is the owner of a farm upon the Battenkill river. The defendant Kent & Co. is the proprietor of a marble mill situated on this stream just below the orator's farm, and the defendant Dorset Marble Co. is the proprietor of another marble mill situated immediately below that of Kent & Co. A small mountain stream joins the Battenkill on the premises of Kent & Co.

William D. Ames *v.* Dorset Marble Co. & D. S. Kent & Co.

The masters found that the Dorset Marble Co. had constructed walls along the channel of the Battenkill which obstructed its flow to some extent in times of high water; that Kent & Co. had constructed walls along the Battenkill which to some extent interfered with its flow, and had diverted the mountain stream in such a way as to cause it to carry a larger quantity of gravel into the Battenkill than it formerly had; that both the defendants allowed the sand and worn marble from their mills to run into the Battenkill, and that the united result of all these causes was an obstruction of the stream to such an extent as to cause the water to set back onto the lands of the orator to their damage.

The amount of the damage was not found by the masters.

The remaining facts appear in the opinion.

*Batchelder & Barber,* for Kent & Co.

The defendants might erect walls upon their own lands in the prosecution of an important industry, notwithstanding that they thereby rendered it more difficult for the orator to keep the channel clear. While one may not injure he may occasion another inconvenience by the use of his property. *Canfield* v. *Andrew,* 54 Vt. I; *Snow* v. *Parsons,* 28 Vt. 459; *Jacobs* v. *Allard,* 42 Vt. 303.

The act of the Dorset Marble Co. is the proximate cause of the injury; for were it not for them the deposits of Kent & Co. would pass off without injury. Whar. Neg. s. 148; *Pottell* v. *Long,* 56 N. Y. 200; *Stevens* v. *Dudley,* 56 Vt. 157; Cool. Torts, p. 68 *et seq.; Marble* v. *Worcester,* 4 Gray. 395; *Scott* v. *Hunter,* 46 Penn. St. 192; *Cun* v. *Herring,* 11 Exch. 89; *Harrison* v. *Buckley,* 1 Strob, 525-529; *Proctor* v. *Jennings,* 6 Nev. 83; *Railroad Co.* v. *Reavey,* 42 Md. 136; *Fairbanks* v. *Alston,* 70 Penn. St. 86-91.

Certainly Kent & Co. are only responsible for the damages done by them. *Sillick* v. *Hall,* 47 Conn. 260; Gould Walters,

ss. 222, 386, 398, 565, 566; *Chepman* v. *Palmer*, 76 N. Y. 51; *Navigation Co.* v. *Richards*, 57 Penn. St. 142; *Wheeler* v. *Worcester*, 10 Allen 591; *Lull* v. *Fox Improvement Co.*, 19 Wis. 100; *Clark* v. *French*, 122 Mass. 419.

*J. C. Baker*, for the orator.

Injunction is a proper remedy. 1 High Inj., ss. 794-816; *Farris* v. *Dudley*, 78 Ala. 124; *Rothery* v. *Rubber Co.*, 90 N. Y. 30; *Mulry* v. *Norton*, 100 N. Y. 424.

The orator's right against Kent & Co. is *res judicata*. 1 Her. Est. and Res Adj., 233; *Porter* v. *Gile*, 47 Vt. 620; *Town* v. *Lamphere*, 34 Vt. 365; *Burton* v. *Barlow*, 55 Vt. 434; *Sturtevant* v. *Randall*, 53 Me. 149.

The opinion of the court was delivered by

ROSS, Ch. J.   The Dorset Marble Co. has not appeared to prosecute its appeal. The decree of the court of chancery against it is substantially affirmed with costs. The right of the orator against D. S. Kent & Co. to have the bed of the stream of the Battenkill river through the premises of D. S. Kent & Co. unobstructed, and kept in such condition that it will not set the water of the river back upon the orator's meadow, is established by the judgment of this court in 1876. The masters have found that that " suit was for substantially the same cause of action as is alleged against said Kent & Co. in this suit."

This applies to the deposit of spent sand, worn marble, and gravel and sand from the mountain stream, in the bed of the river, so as to obstruct the flow of the water therein as established by the suit at law. The orator's meadow is higher up the river than the marble mills of the defendants. He has no interest in their use of the river on their respective premises, provided such use does not obstruct the flow of the water therein, so as to set it back upon his meadow to his damage. They have the right to use the water and its flow, as it passes across their respective prem-

ises, but not so to obstruct the passage of the water as to set it back upon the orator's meadow to its essential damage. D. S. Kent & Co. have the right to change the course of the mountain stream upon their premises, but are bound to make such change in such a manner as will not injure the orator. Under the same restrictions, the defendants have the right to wall the stream on their respective premises. It is found that the Dorset Marble Co. have obstructed the stream upon its premises, by narrowing and filling the channel, in various ways, and that D. S. Kent & Co. have contributed to the filling of the channel, by allowing its spent sand and worn marble to pass into the stream and by changing the course of the mountain stream so that it brings much more gravel and material into the bed of the Battenkill river. Each defendant is liable in damages in proportion only as its wrongful acts have contributed to obstructing the flow of the water, and to setting it back upon the orator's meadow. The defendants are not joint wrong doers, in the sense that they join in doing the same wrongful act, but only in the sense that their several wrongful acts combine in causing damage to the orator's meadow.

This does not make them joint *tort feasors*, in the sense that each is liable for all the damages occasioned to the orator's meadow. There must therefore be a further reference to the masters to ascertain the total amount of damages sustained by the orator, and the amount thereof which the wrongful acts of each defendant has contributed thereto.

It is found by the masters that the channel of the river, on the premises of D. S. Kent & Co. though walled is of sufficient capacity, if kept free from obstructions, to allow all the water of the river to pass off freely, but that the spent sand, and worn marble settle and obstruct the channel more or less. Doubtless the narrowing of the channel by the Dorset Marble Co. and the obstructions placed by that company therein, obstruct the passage, to some extent, of this material coming into the stream wrong-

fully from the mill of D. S. Kent & Co. The mountain stream brought a little gravel and sand into the river before its course was changed by Kent & Co. The orator used to clear this out of the channel, but the defendants have so walled the stream that it will, in the future, be difficult for the orator to remove it. Kent & Co. have so changed its course on the premises, that it brings much more sand and gravel into the river. If the defendants, to operate their marble mills successfully, must allow the spent sand and worn marble to pass into the stream to some extent, they must also carry the burden of keeping the channel of the stream at all times so cleared out, that it will work no damage to the orator.

The Dorset Marble Co. must make such change in the walls of the stream, and such removals otherwise, as will leave a channel of sufficient width, depth and capacity, to carry the water of the stream from the orator's meadow, as freely as it was wont to run before such walls and obstructions were placed in the channel of the stream. D. S. Kent & Co. must also either turn the mountain stream back to its former channel and open the walled partition of the channel of the Battenkill river so that the orator can remove whatever of deposit may be brought into it by the mountain stream; or it must, at its own expense, remove all such deposits brought into the Battenkill so that it will not occasion any setting back of its waters upon the meadow of the orator. The defendants as regards the orator have the right to utilize the Battenkill and the mountain stream, by walling or changing the channel, or by allowing spent sand and worn marble to pass into the water on their premises, provided, they do it in such a manner as will not cause the water to set back upon the orator's meadow to his damage.

*The cause is remanded with a mandate in accordance with these views, and, as it is a substantial affirmance of the decree of the court of chancery, with costs to the orator in this court.*

Munson, J., having been of counsel, did not sit.