TOWN OF SHARON *v.* ANAHAMA REALTY CORPORATION ET AL.

October Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed January 12, 1924.

*Negligence—When Wrongdoers Jointly and Severally Liable—*
*Equity—Joinder—Pleading—What Is Necessarily Implied*
*Need Not Be Pleaded—Highways—Duty of Town to Keep*
*Highways in Repair—Right of Town to Recover for Wrong-*
*ful Injuries to Highways—Right of Recovery Not Affected*
*by Statutory Penalty for Such Injuries—Actions—Effect of*
*New Remedy on Existing Right.*

1. Whenever the separate and independent acts or negligence of several persons, by concurrence, produce a single and indivisible injury which would not have occurred without such concurrence, each is responsible for the entire result, and they may be sued jointly or severally, at the election of the party injured.

2. In chancery, one who has a common right against several persons, the establishment of which would otherwise require a separate suit against each, may join such persons in one suit, the de-

fendants in such cases not being joint tort-feasors at all in the common law sense of the term, but their joinder being permitted to avoid a multiplicity of suits.

3. A pleader need not allege what is necessarily implied in what he does allege.

4. As towns are required by law to keep in repair all the highways therein, in the absence of some special statute placing that duty, in whole or in part, elsewhere, the allegations in a complaint that certain highways, damaged by water, were in the plaintiff town were, *prima facie* at least, sufficient to show that such town is charged by law with their proper care and maintenance.

5. While towns are not the owners of the highways within their limits, the obligation to keep them in repair gives the towns such an interest therein as enables them to recover expenditures made necessary by the wrongful act or neglect of an individual or corporation.

6. Such right of recovery is not affected by G. L. 4643, which provides a penalty for such injuries, the remedy having been available before the statute was enacted.

7. A statute instituting a new remedy for an existing right does not take away an existing remedy, unless by express words or necessary implication, the new remedy being merely cumulative, and the one injured may pursue it or the old one at his election.

ACTION OF TORT to recover for damages to certain highways. Heard on demurrer to the complaint in vacation after the December Term, 1922, Windsor County, *Moulton,* J., presiding. Demurred overruled and declaration adjudged sufficient. The defendants excepted, and the cause was passed to the Supreme Court before trial. The opinion states the case. *Affirmed and remanded.*

*William B. C. Stickney* and *John G. Sargent* for the defendants.

*J. Ward Carver* for the plaintiff.

POWERS, J. The action is brought to recover for damage done to certain highways in the plaintiff town. The allegations

of the complaint show that in 1911 the Anahama Realty Corporation built a dam across the White River in the town of Sharon, about a mile and a half south of the Village of Sharon; that for some years prior thereto, the Champlain Realty Company had maintained in the river at Sharon Village certain piers which it used in connection with the floating of logs in that stream; that after the dam was built, and on account of the increased depth of water caused thereby, these piers were built up higher than they had existed before; that in the spring of 1921, during the period of the ordinary high water of that season of the year, and while the ice was going out, it jammed on the piers and obstructed and diverted the waters of the stream so that they flowed into and damaged the highways referred to.

The Champlain Realty Company demurred to the complaint on the following grounds: (1) Misjoinder of defendants. (2) Failure to allege that the plaintiff was under any legal obligation to repair these highways. (3) The statute does not authorize the joinder of the defendants. (4) The complaint does not count on the statute.

This demurrer was overruled, the declaration was adjudged sufficient, an exception was saved, and the case was passed to this Court before trial.

[1]   First, then, as to the alleged misjoinder: The law of this subject as here involved is fully covered by our own cases. It is, and for many years has been, contrary to the demurrant's contention.   While it is true, as here argued, that concert of action or common design is ordinarily essential to joint liability, passive concert or passive community is, in certain circumstances, enough to satisfy the rule.   Whenever the separate and independent acts or negligence of several persons, by concurrence, produce a single and indivisible injury which would not have occurred without such concurrence, each is responsible for the entire result, and they may be sued jointly or severally, at the election of the party injured.   In such cases, the act or neglect of each is a proximate and an efficient cause, and when several proximate causes contribute to an injury, and each is an efficient cause, without the operation of which the injury would not have been caused, it may be attributed to any or all of such causes. This has come to be the established doctrine of this Court.

In *Wright* v. *Cooper et al.,* 1 Tyler 425, the plaintiff owned a farm on Otter Creek. The defendant Cooper maintained a dam on the falls at Vergennes extending from an island in the Creek to the westerly shore. This dam was erected before the Revolution and had occasioned no damage to the plaintiff's farm. The defendant Tousey built a dam from the island to the eastern shore. Thereafter, the waters were set back and overflowed the plaintiff's land and caused the damage sued for. Neither of the dams, without the other, could have caused this damage. It was held that the defendants were properly joined.

Again, in *Wilder* v. *Stanley,* 65 Vt. 145, 26 Atl. 189, 20 L. R. A. 479, the plaintiff's colt escaped from its pasture through the defendant's negligence. It was claimed that one Tracey attempted to drive the colt back into the pasture and that through his negligence the colt ran into a wire fence and was so injured that it died; and this, it was argued, was an independent, disconnected act of negligence that relieved the defendant of responsibility. In disposing of this claim, the Court said that the escape of the colt, being through the negligence of the defendant, that negligence accompanied it while roaming at large; and that inasmuch as Tracey was not the servant of the plaintiff, his negligence, if any, would be concurrent with that of the defendant, and that either or both of the wrongdoers were liable.

And finally, in *Drown* v. *New England T. & T. Co. et al.,* 80 Vt. 1, 66 Atl. 801, the defendants, acting independently, maintained their respective wires in such close proximity to those of the other, as to injure a lineman who had occasion to climb a pole to do some work, and it was, upon full consideration, held that they were joint tort-feasors and properly sued as such. It is in the opinion in that case, written by Chief Judge Rowell in his most logical and painstaking way, that the rule hereinbefore stated was, for the first time in this State, announced.

[2] In all these cases, it is to be observed, the injury resulted—and could only result—from the combination of the defendants' acts; the act or neglect of one of them would have been wholly innocuous but for the concurring act or negligence of the other. So in the case before us, the existence of the dam by itself caused and could cause no damage, for the ice would not have jammed; and the existence of the piers, alone, caused and could cause no damage, for the water would not be held at a dangerous

height. It was only when the two existed together that the water was thrown into the roads. The demurrant relies upon what was said by this Court in *Ames* v. *Dorset Marble Co. et al.,* 64 Vt. 10, 23 Atl. 857. The defendants there had so choked the channel of the Battenkill as to throw the water back onto the farm of the plaintiff. Chief Judge Ross, speaking for the Court, said of them that they were "not joint wrongdoers in the sense that they join in doing the same wrongful act, but only in the sense that their several wrongful acts combine in causing damage to the orator's meadow. This does not make them joint tort-feasors in the sense that each is liable for all the damages occasioned to the orator's meadow." That case was in chancery, seeking an injunction against a continuance of the injurious conditions and an accounting of the damage already caused. And it is well established that in chancery, one who has a common right against several persons, the establishment of which would otherwise require a separate suit against each, may join such persons in one suit. In such cases the defendants are not joint tort-feasors at all in the common law sense of the term, but their joinder is permitted to avoid a multiplicity of suits. The bill in such a case is analogous to or in the nature of a bill to quiet title or a bill of peace, and the community of interest of the defendants is in the law and facts involved, only. 1 Pom. Eq. § 245, *et seq.* See *Cloyes* v. *Middlebury Electric Co.,* 80 Vt. 109, 66 Atl. 1039, 11 L. R. A. (N. S.) 693. *Lockwood Co.* v. *Lawrence,* 77 Me. 297, 52 A. R. 763, follows rather closely the reasoning of Prof. Pomeroy and is a leading well-reasoned case of this class. Our own cases of *Waterman* v. *Buck,* 58 Vt. 519, 3 Atl. 505, and *Stockwell* v. *Fitzgerald,* 70 Vt. 468, 41 Atl. 504, are cases of this character. It is quite apparent that *Ames* v. *Dorset Marble Co.,* belongs to this class, or at least it was so considered by the Court; otherwise, the language used in the opinion would not be in harmony with the law as elsewhere laid down by the Court.

[3, 4] The second ground of the demurrer is equally unavailing. One need not allege what is necessarily implied in what he does allege. *Drown* v. *New England T. & T. Co., supra.* Towns are required by law to keep in repair all the highways therein, unless there is some special statutory provision placing that duty, in whole or in part, elsewhere. G. L. 4387; *Bacon* v. *Boston & Maine Railroad,* 83 Vt. 421, 76 Atl. 128. So the allega-

tions in this complaint to the effect that these highways were in the plaintiff town are, *prima facie* at least, sufficient to show that that town is charged by law with their proper care and maintenance. It was held in *Skinner* v. *Weathersfield,* 78 Vt. 410, 63 Atl. 142, that a notice of injury on the highway, which must be quite as specific as a complaint, describing the highway as one in the defendant towns was sufficient to appraise the selectmen that the highway was one that town was bound to keep in repair.

[5-7]   The third and fourth grounds of the demurrer may be considered together. Both are predicated upon the claim that the statutory remedy (G. L. 4643) is exclusive. While towns are not the owners of the highways within their limits, the obligation to keep them in repair gives them such an interest in them as enables them to recover expenditures made necessary by the wrongful act or neglect of an individual or corporation. *Bildeman* v. *State,* 110 N. Y. 232, 18 N. E. 115, 1 L. R. A. 258; *Steuben* v. *Lake Shore & M. S. Ry. Co.,* 58 Ind. App. 529, 108 N. E. 545; *Troy* v. *Cheshire R. R. Co.,* 23 N. H. 483, 55 A. D. 177; *Woodring* v. *Forks,* 29 Pa. 355, 70 A. D. 134. This remedy was available before the statute was enacted, and the fact that a penalty is therein provided does not affect it. *Woodring* v. *Forks, supra.* The clause providing that the person responsible for the damage shall be liable to the town therefor creates no new liability; it is merely declaratory of the pre-existing law. There is nothing in the statute indicating that the Legislature intended to make the remedy therein exclusive. A statute instituting a new remedy for an existing right does not take away an existing remedy, unless by express words or necessary implication. *Bergman* v. *Gay,* 79 Vt. 262, 64 Atl. 1106; *Cumberland & Oxford Canal Corp.* v. *Hitchings,* 59 Me. 206; *King* v. *Viscoloid Co.,* 219 Mass. 420, 106 N. E. 988, Ann. Cas. 1916D, 1170. In such cases, the new remedy is cumulative, merely, and one injured may pursue it or the old one at his election. *Gooch* v. *Stephenson,* 13 Me. 371; *Ryalls* v. *Mechanics' Mills,* 150 Mass. 190, 22 N. E. 766, 5 L. R. A. 667; *Zanesville* v. *Fannan,* 53 Oh. St. 605, 42 N. E. 703, 53 A. S. R. 664; *Donnell* v. *Jones et al.,* 13 Ala. 490, 48 A. D. 59. It follows that a declaration on the statute is not required, and it is wholly immaterial whether the statute does or does not allow the joinder.

*Judgment affirmed and cause remanded.*