## ROSEAU COUNTY v. TOWNSHIP OF HEREIM, ROSEAU COUNTY, MINNESOTA, SUBSTITUTED FOR GUNDER PEDERSON.[1]

June 17, 1921.

No. 22,320.

**State road — action against town for conversion of bridge material.**
    1. Whatever proprietary title or interest an organized town may have

[1]Reported in 183 N. W. 518.

in and to the material in bridges and to culverts constructed and installed upon regularly laid out town roads, ceases and terminates by operation of law upon a transfer of the road to the county by action of the board of county commissioners under G. S. 1913, § 2505, in declaring it a state road.

**Legislature may appoint new trustee for the public.**

2. In respect to such material the town holds the naked legal title in trust for the public, and the legislature lawfully may transfer it to the county as a new trustee; such was the necessary effect of the statute and the proceedings thereunder in this case.

Action in the district court for Roseau county to recover $354 for conversion of certain timber and bridge material. The case was tried before Watts, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, the substituted township appealed. Affirmed.

*W. E. Rowe,* for appellant.

*Alexander Fosmark* and *M. J. Hegland,* for respondent.

BROWN, C. J.

Action by the county of Roseau against the town of Hereim, an organized congressional township of the county, for the alleged conversion of a quantity of timber and bridge material, which the county claims to own. Plaintiff had judgment and defendant appealed.

The facts are not in dispute. In 1899 the board of supervisors of defendant town duly laid out a public road within the township, and thereafter worked and improved the same for public use. In 1911 and again in 1913 the road was intersected and crossed by certain drainage ditches, and it became necessary to build bridges or install culverts at the points of intersection. The obligation to do this was imposed on the town, in response to which its officers purchased material and constructed a bridge over the ditch at one point and installed suitable culverts at other points made necessary by the presence of the ditch. They were subsequently maintained and kept in repair by the town. On some date in January, 1914, the portion of this road leading south from the village of Greenbush, and in January, 1916, the portion thereof leading north from the village, were formally declared by resolution

of the board of county commissioners, acting under the provisions of G. S. 1913, § 2505, a part of the state road extending through the county. This was approved by the state highway commission as provided by the statute, and jurisdiction over and the obligation thereafter to maintain the road in repair for public use thereupon passed automatically from the town to the county. In 1918 the county caused the old bridge and culverts to be replaced with new and more substantial structures. The part of the old material not used by the changes so made was carted away by the town officers. The refusal to return it brought this action.

The trial court held that the material taken from the old bridge as well as the culverts belonged to the county, and judgment was ordered against the town for the value thereof with costs of the action. We concur in that conclusion. Whatever proprietary title or interest the town had to the material during the time the road remained a town charge, ceased and ended by operation of law when it passed to the control and jurisdiction of the county by the action of the commissioners in declaring it a part of the state road, as authorized by the statute. The town originally held merely the naked legal title to the material in trust for the public; the legislature lawfully could transfer the title to the county as the new trustee. 19 R. C. L. 766; City of Columbus v. Town of Columbus, 82 Wis. 374, 52 N. W. 425, and note in 16 L.R.A. 695. Such was the necessary legal effect and operation of the statute following the action of the county board thereunder. Both the county and town are mere agencies of the state with no rights in the discharge of governmental functions superior to the state. Merchants National Bank of St. Paul v. City of East Grand Forks, 94 Minn. 246, 102 N. W. 703.

The case of Town of Lisbon v. Counties of Yellow Medicine and L. Q. P. 142 Minn. 299, 172 N. W. 125, did not involve the question here presented and is not in point.

Judgment affirmed.