(5 Misc. Rep. 326.)

### HOFFMAN v. RUDDIMAN et al.

(City Court of Brooklyn, General-Term. October 23, 1893.)

SPECIAL DAMAGES—PLEADING.

In an action to recover damages for injury to a horse, the hire of another horse to do the work of the injured horse is special damage, and must be specially pleaded.

Appeal from trial term.

Action by Louis Hoffman against James Ruddiman and another. There was a judgment for plaintiff, and defendants appeal. Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Tredwell & Catlin, for appellants.
Hirsh & Rasquin, for respondent.

CLEMENT, C. J. This action was brought to recover damages for injury to a horse, which resulted from negligence of the defendants. The allegation as to damages in the complaint, after amendment on the trial, was as follows:

"That by reason of the damages to said horse, caused as aforesaid, and the trouble and expense incurred in consequence thereof, the plaintiff has been injured, in all, to his damage two hundred dollars."

On the trial plaintiff gave the following answers to his counsel:

"Question. Did you have another horse, during the time this horse was ill, to do your work? Answer. Yes, sir. Q. How much did you pay for the use of the other horse? (Objected to as irrelevant, immaterial, and incompetent, and not within the issue. Such damages should have been specifically set forth in the complaint. Objection overruled. Defendants except.)"

We are of opinion that the foregoing exception was well taken, on the authority of Gumb v. Railroad Co., 114 N. Y. 411, 414, 21 N. E. Rep. 993. The damages sought to be proven were special, and should have been specifically set forth in the complaint. The "trouble and expense" mentioned in the complaint referred to only such trouble and expense as naturally followed from the injury. The allegation as to loss was general, and did not cover any claim for special damages. Judgment and order denying new trial reversed, and new trial granted, with costs to appellants to abide the event.