Dickinson County and The Board of Supervisors thereof, Appellants, v. D. S. Fouse.

112    21
f138    433

**Action to Settle Boundaries:**    parties:    *Counties.*   Under Code, section 4228, providing that a land owner may maintain action

in the district court to establish disputed boundaries, and that if a public road is affected the county shall be made defendant, a county cannot maintain proceedings to settle boundaries of a county road, crossing defendant's land, such right being confined to the owner of the land.

SAME. Under code, section 4228, a county cannot maintain proceedings to settle the boundaries of a county road crossing defendant's land, conceding that the statute gives right of action to the owner of the easement, as the ownership or control of such easement is in the state, and not in the county.

*Appeal from Dickinson District Court.*—HON. W. B. QUARTON, Judge.

FRIDAY, OCTOBER 5, 1900.

A county road runs across the land of defendant. Its boundaries are in dispute, and this proceeding is to secure the appointment of a commissioner to survey and establish the lines. There was a demurrer to the petition, upon the ground, among others, that plaintiff has no right to maintain the action. The demurrer was sustained on the ground just stated, and, plaintiff electing to stand on its petition, judgment was entered against it for costs. Plaintiff appeals.
—*Affirmed.*

*L. E. Francis* for appellant.

*Cory & Arnold* for appellee.

WATERMAN, J.—Section 4228 of the Code, under which this action is brought, is as follows: "When one or more owners of land, the corners and boundaries of which are lost, destroyed or in dispute, desire to have the same established they may bring an action in the district court of the county where such lost, destroyed or disputed boundaries or part thereof are situated against the owners of the other tracts which will be affected by the determination or establishment thereof, to have such corners or boundaries ascertained and permanently established. If any public

road is likely to be affected thereby, the proper county shall be made defendant." This is a re-enactment of sections 2, 4, chapter 8, Acts Fifteenth General Assembly, with the following changes: The earlier statute gave the right to bring the action to the "proprietor's" of lands; and the last clause, authorizing a county to be made defendant when a public road is affected, was added in the Code of 1897. The proceeding here created is special in character, and the statute ought not to be extended. The law, in terms, gives a right to the owners of land and to no others. A public highway is but an easement, and an easement is no more than a privilege. 10 Am. & Eng. Enc. Law, 398. But if we assume, as perhaps we should, that the word "owner," as used in section 4228, is synonymous with the word "proprietor" in the preceding statute, and that the term means or includes the owner of an easement, it does not seem to us that the law vests the right to maintain this action in the plaintiff. Where a highway is established across the lands of another, the fee remains in the original owner. The only effect of such establishment is that the public at large obtains the privilege of passing and repassing thereon. Subject to this privilege, all rights remain in the original owner. *City of Dubuque v. Maloney,* 9 Iowa, 451; *Overman v. May,* 35 Iowa, 89, 97; 3 Kent, Commentaries, 432. It is not in the people of the county that this privilege or easement vests, but in the public generally. It is true that, by special provisions of the Code, boards of supervisors have power to establish, maintain, and discontinue highways; and that for the purpose of keeping them in repair certain authority is given to township officers. Chapter 2, title 8, Code. Nevertheless these powers are attributes of sovereignty. For convenience, they are delegated; but nothing goes with them, not expressed or necessary to the performance of the duties named. Were it not for the statutes mentioned, the power to lay out, discontinue, and improve highways would be in the state, which is the representative of the general public. It follows,

therefore, that, when such an easement is created, the ownership thereof, if we may use the expression, is in the state. Even where the fee of a street is in the city, we have said such street, so far, at least, as concerns the right to permit its use by other than ordinary travel, is under the exclusive control of the general assembly. *Stanley v. City of Davenport*, 54 Iowa, 463. The establishment of highways is an exercise of the right of eminent domain, which is always a sovereign power. This power may be delegated, and, as we have seen, is to some extent delegated, as to highways; but in any such case the delegated authority is to be strictly construed. 2 Dillon Municipal Corporation, 604. Nowhere under our Code do we find the ownership or supreme control of such easement taken from the state. The addition, in the Code of 1897, of the last clause of section 4228, authorizing the county to be made a defendant in certain cases, strengthens the conclusion we have reached. If the county was owner or proprietor of the easement, no such provision would be necessary. Furthermore, it would not follow, because the general assembly had authorized the rights of the state to be cut off in a certain manner, that it intended to delegate to the counties its entire ownership or right of control. The conclusion of the district court was correct, and it is AFFIRMED.

GRANGER, C. J., not sitting.