EMELIO CUE *v.* QUITMAN BREELAND.

1. PUBLIC BRIDGE. *Trespasser. Contractor. Right to sue. Measure of damages.*

   One under contract to maintain a county bridge may recover of another who wilfully destroys it the outlay to which he has been subjected in rebuilding it.

2. SAME. *Navigable stream. Floating logs.*

   One who wilfully injures a county bridge, by acts either of omission or commission, while floating logs down a navigable stream, is liable therefor to the extent of the damage done.

FROM the circuit court of Hancock county.

HON. THADDEUS A. WOOD, Judge.

Breeland, appellee, was the plaintiff, and Cue, appellant, was defendant in the court below. The action was trespass for damages done to a county bridge. The plaintiff connects himself with the bridge only in this way: He erected the same under a contract with the county, and bound himself to the county, by his contract and a bond, to maintain the bridge for five years after its erection. The declaration charged that the bridge was destroyed by the negligence and wilfulness of defendant's servants, who were engaged in the floating of logs down the stream; that the plaintiff, in pursuance of his obligations to the county, had rebuilt the bridge at a cost of $400, and the demand was for said sum, with interest, etc.

The trial in the court below resulted in plaintiff's favor and defendant appealed to the supreme court.

*E. J. Bowers* and *McWillie & Thompson*, for appellant.

The ownership of the bridge was not in the plaintiff, but was in the county. Can a plaintiff maintain an action in his own name for damages done by a trespasser to property which belongs to another?

That the ownership of the bridge was in the county cannot be disputed under the authorities. It was erected and paid for by the county and the county had full control of the structure. Counties own bridges erected or acquired by them, and, when they are destroyed or injured, may maintain an action therefor. 4 Am. & Eng. Enc. L., 921; *Troy* v. *Cheshire, etc., R. R. Co.,* 23 N. H., 83, s.c. 55 Am. Dec., 177, note p. 190; *Freedom* v. *Weed*, 40 Me., 383, s.c. 63 Am. Dec., 670, this latter case holding as an essential element of the action, that the county must have incurred expense in repairing. Elliott on Streets, 36.

The ownership of the property damaged, or its possession, is essential to the maintenance of an action of trespass, whether the property be real or personal. The plaintiff does not claim to have either owned the bridge, to have been in possession of it, or to have owned the fee of the land over which the highway passed or on which the bridge was erected. He was not an abutter.

He cannot maintain an action of trespass. Buller's Nisi Prius, 81*a*. The same doctrine is announced in Abbott's Trial Evidence, 629; *Ib.,* 634, 635. This is certainly the law of Mississippi. *McFarland* v. *Smith*, Walker, 172; *DeJarnett* v. *Haynes*, 23 Miss., 600.

But it is claimed that this action can be maintained because of the obligation to the county under which the plaintiff rested by his contract, and that, having performed that obligation, he is the only party injured. While it is true plaintiff has been damaged, yet it does not at all follow that he can maintain this action.

We are led to the inquiry, What legal relation did plaintiff occupy towards the bridge? He was purely and simply an insurer; he insured the county against loss from the destruction of its bridge. The authorities are abundant that an insurer cannot, in his own name without an assignment of the cause of action by the owner of the destroyed property, maintain an action of trespass against the wrongdoer. Sheldon on Subrogation, sec. 230; *Swarthout* v. *Chicago, etc., R. R. Co.*, 49 Wis., 625; *Peoria, etc., Co.* v. *Frost*, 37 Ill., 333; *Hart* v. *Western, etc., R. R. Co.*, 13 Met. (Mass.), 99, s.c. 46 Am. Dec., 724; *Ætna Ins. Co.* v. *Hannibal, etc., R. R. Co.*, 3 Dillon C. C., 1; *Rockingham, etc., Co.* v. *Bosher*, 39 Me., 253, s.c. 63 Am. Dec., 618; *Insurance Co.* v. *Railroad Co.*, 25 Conn., 265, s.c. 65 Am. Dec., 571; *Hall* v. *Nashville, etc., R. R. Co.*, 13 Wall., 367.

It seems manifest that the measure of damages assumed in the court below was improper. How much the new bridge cost was not the proper inquiry. Ordinarily, if the plaintiff could recover, the inquiry in an action of trespass to property is how much the property was damaged by the trespass. In this case not a word of evidence on that subject fell from the lips of a witness. What the old bridge cost to build it in 1895 was at best a mere circumstance, and not sufficient, of itself, to warrant an estimate by the jury as to the extent of the damage done by its destruction. There was nothing to show its condition or value at the time it was demolished, several years after its construction; there was not even anything to show the character of the timbers out of which it was constructed, whether it was or was not exposed to the weather, whether covered or uncovered, and nothing to show whether it was architecturally in shape or out of shape.

*J. M. Shivers*, for appellee.

At the time of the wrongful destruction of the bridge, appellee, B r eeland, was under obligation to rebuild it, and he did

rebuild it at a cost of $400 to himself. He was not a volunteer in so doing; he was damaged by appellant's wilful trespass just as effectually as if he were the real owner of the bridge. In fact, he was under all the obligations of ownership. His interest was sufficient to maintain the action. 26 Am. & Eng. Enc. L. (1st ed.), 588; *Ib.*, 600, and notes. The principle on which the case rests finds recognition in the case of *Fast* v. *Canton, etc., R. R. Co.*, 77 Miss., 498.

Argued orally by *E. J. Bowers* and *R. H. Thompson*, for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

The wrong done was one done to appellee, not the county. That wrong consisted in putting the appellee in a situation where he was bound to rebuild, and it is the cost of the rebuilding which is the measure of his damage. The declaration proceeds on this idea, and the demurrer was properly overruled. With the damages here sought to be recovered the county had nothing to do. The fifth charge asked by the defendant properly states the abstract principle of law, but the sound principle had been announced substantially in defendant's third and fourth charges.

If the creek was navigable, it was yet the duty of appellant not to so float his logs as wilfully to injure appellee. There was evidence showing that the appellant's authorized agent, while engaged in the master's work, told an employe to "let the logs loose and let them make or break;" that they were let loose late in the evening; that they could have been guided through by four men stationed on the bridge, and that no effort was made to do this. *Sic utere*, etc., fits in here. If the jury believed this, and it would seem they did, then a case of wilful wrong was made out, and error in refusing the fifth instruction for defendant, and the one as to navigability conferring superior rights, could not possibly, in that view, be reversible error. We think the right verdict has been reached, and the judgment is
*Affirmed.*