# MARSHALL DENTAL MANUFACTURING COMPANY v. STATE OF IOWA.

## ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

No. 104. Argued December 19, 1912.—Decided January 6, 1913.

*Quære:* Whether this court can go behind successive findings of the Secretary of the Interior and the state court that a lake was properly meandered and the lands within its area were not swamp. In this case no reason appears for so doing.

By the law of Iowa riparian owners take only to the water's edge and grants of the United States follow the state rule and convey no land under an unnavigable lake.

The title to the bed of a meandered lake formerly within the public domain of the United States, for which no patent has been issued, either remains in the United States or has passed under the Swamp Land Act to the State.

Under such circumstances a State has, by virtue of its sovereignty, an interest sufficient to entitle it to maintain an action against one intruding without title.

143 Iowa, 398, affirmed.

THE facts, which involve the title to a meandered lake in the State of Iowa, are stated in the opinion.

*Mr. E. B. Evans* for plaintiff in error.

*Mr. George Cosson,* Attorney General of Iowa, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a petition brought by the State of Iowa to enjoin the defendants from draining the waters of Goose Lake, in Greene County, Iowa. The defendant, now

plaintiff in error, set up title, on the ground that the so-called lake, a tract of several hundred acres, was swamp land and was granted to the State by the act of September 28, 1850, c. 84, 9 Stat. 520; Rev. Stats. § 2479; that it passed to Greene County by an act of the legislature of January 13, 1853, and thence by mesne conveyances to this defendant. After a trial the court of first instance entered a decree for the plaintiff, and the decree was affirmed by the Supreme Court of the State. 143 Iowa, 398.

The material facts are few. In the original survey by the Government in 1853 the lake was meandered, which meant under the instructions to surveyors then in force that it was a lake or deep pond, and no patent ever has issued from the United States. In 1903 the plaintiff in error applied to the Secretary of the Interior to have the land surveyed as swamp land, but the application was refused, on the ground that it did not appear sufficiently that there was not a lake there, as indicated, at the time of the survey. If the question of fact was open under (*Hannibal & St. Joseph*) *Railroad Co.* v. *Smith,* 9 Wall. 95, the state courts found that Goose Lake was an unnavigable body of water proper to be meandered, and we see no sufficient reason for going behind these successive findings, if we had power to do so. *Cedar Rapids Gas Light Co.* v. *Cedar Rapids,* 223 U. S. 655, 668. See *French* v. *Fyan,* 93 U. S. 169. *McCormick* v. *Hayes,* 159 U. S. 332. It follows that the plaintiff in error shows no title. By the law of Iowa the riparian owners took title only to the water's edge, and therefore the grants of the adjoining land by the United States did not convey the land under the lake. *Hardin* v. *Jordan,* 140 U. S. 371. *Hardin* v. *Shedd,* 190 U. S. 508. *Whitaker* v. *McBride,* 197 U. S. 510, 512. It follows that the bed of the lake either still belongs to the United States or must be held to have passed to the State.

The question as to the title to the bed is treated as open

in *Hardin* v. *Shedd*, 190 U. S. 508, 519, and *Whitaker* v. *McBride*, 197 U. S. 510, 515, and there is no need to decide it now.  It is enough to say that by virtue of its sovereignty the State of Iowa has an interest in the condition of the lake sufficient to entitle it to maintain this suit against an intruder without title, whether the State owns the bed or not.  This principle has been affirmed and acted on by the court so recently that it does not require further argument here.  *Georgia* v. *Tennessee Copper Co.*, 206 U. S. 230, 237.  *Hudson Water Co.* v. *McCarter*, 209 U. S. 349, 356.  See also *Kansas* v. *Colorado*, 206 U. S. 46, 93.  *McGilvra* v. *Ross*, 215 U. S. 70, 79.

*Decree affirmed.*