Edgar S. Jennings, Respondent, *v.* John Piwinski, Appellant.

County Court, Cayuga County, May 14, 1928.

*Harry A. Gleason*, for the appellant.

*Drummond & Hosmer*, for the respondent.

Mosher, J.  The defendant appeals from a judgment of the City Court of the city of Auburn, against him and in favor of the plaintiff, for $300:

1. On the ground that the court had no jurisdiction because the complaint demanded judgment for interest in addition to the $1,000 jurisdictional limit of the court (Laws of 1920, chap. 438, § 138); but at the opening of the trial plaintiff moved to amend the complaint, reducing the amount claimed to $1,000, which was properly granted. (*Gigliotti* v. *Jacksina*, 206 App. Div. 368; *People* v. *Wait*, 114 id. 334; *Risley* v. *Van Delinder*, 17 Misc. 661; *Woolley* v. *Wilber*, 4 Den. 570.)

2. Because the action should have been entitled "As Warden of Auburn State Prison," failing which, this is a personal action by the wrong party plaintiff, but section 131 of the Prison Law* is permissive and enabling rather than mandatory, and sounds in contract, not tort, and plaintiff, as bailee, of the State automobile, had the right to sue and hold any recovery for the benefit of the State (*Rogers* v. *Atlantic Gulf & Pacific Co.*, 213 N. Y. 246, 258, 259; *Faulkner* v. *Brown*, 13 Wend. 63), and, if material, the court has power to amend to conform to the proof (*Risley* v. *Van Derlinder*, *supra; Thedford* v. *Reade*, 28 Misc. 563), or may consider same done or disregarded, in order to promote substantial justice. (*Clemons* v. *Davis*, 4 Hun, 260; Civ. Prac. Act, § 105 *et seq.*)

3. Appellant contends that the only eye witness testified that the automobiles were comparatively equidistant from the point of contact, which gave the right of way to the defendant approaching from plaintiff's right and consequently the plaintiff was guilty of negligence as matter of law (General Highway Traffic Law, § 12, subd. 4, as amd. by Laws of 1926, chap. 513);† but the right of way is not absolute but subject to the facts, which substantiate the adverse finding of the court.

4. Testimony was improperly admitted that after the automobile was fully repaired, there was a $200 depreciation because of the car having been in an accident (*Howe* v. *Johnston*, 220 App. Div. 170, and cases cited) and the court overruled appellant's motion to strike from the bill of particulars a claim for damages by loss of use of the car, which must be specially pleaded (*Hoffman* v. *Ruddiman*, 5 Misc. 326), and the omission to plead special damage cannot be supplied by statements in a bill of particulars (*Toplitz* v. *King Bridge Co.*, 20 Misc. 576; *Talcott* v. *Greenstein*, 210 App. Div. 633; Abb. Br. Pl. pp. 125, 624, §§ 133, 745) without amendment of the complaint (*U. S. Printing Co.* v. *Powers*, 171 App. Div. 406); but the plaintiff has also filed a cross appeal from the judgment demanding a new trial in this appellate court and the City Court

* See Correction Law (Laws of 1929, chap. 243), in effect April 2, 1929.— [Rep.
† Repealed by Laws of 1929, chap. 54; see Vehicle and Traffic Law.— [Rep.

judgment was, therefore, superseded, and the action transferred to the County Court for the exercise of original jurisdiction as if originally instituted therein (*Gillingham* v. *Jenkins*, 40 Hun, 594), so that errors committed on the trial are now of no consequence because the appeal is for a new trial, and not review or reversal.