STATE OF IOWA et al., Appellees, v. F. W. FITCH COMPANY, Appellant.

No. 46539.

FEBRUARY 6, 1945.

REHEARING DENIED APRIL 6, 1945.

Howard L. Bump, Hallagan & Cless, and Haemer Wheatcraft, all of Des Moines, for appellant.

John M. Rankin, Attorney General, George H. Clark, Jr., Assistant Attorney General, and C. B. Hextell, of Des Moines, for appellees.

OLIVER, J.—State of Iowa and Iowa State Highway Commission brought this action at law against F. W. Fitch Company for damage to a highway bridge over a river on Primary Highway 69, alleging defendant's truck and trailer were negligently driven into a corner of the bridge. The petition contained no allegations of specific negligence.

The answer denied the allegations of negligence and damage, alleged the accident was caused by the negligence of the Highway Commission in placing a sharp turn in the approach to the bridge, due to which the truck struck the corner of the bridge while being carefully driven in a fog; and also alleged that neither the State nor the Highway Commission was empowered to maintain the action. Defendant also counterclaimed for damage to the cargo of the trailer.

Plaintiffs moved to dismiss said counterclaim, asserting the

same could not be maintained against either of them. Thereafter, upon application of defendant, the court made a separate adjudication of certain law points, under Rule 105 of the Rules of Civil Procedure, and at the same time sustained the motion to dismiss the counterclaim. From said adjudication and order this court granted appeals to defendant and plaintiffs. Defendant, having first filed notice of appeal, will be referred to as appellant, and plaintiffs as appellees.

I. Bridges are a part of public highways. Subsection 5 of section 63, Code of Iowa, 1939. Authorities are substantially in accord that action will lie in a proper case against one who wrongfully or negligently injures a bridge or a highway. 1 Elliott on Roads and Streets, Fourth Ed., 98, section 77; 25 Am. Jur. 635, section 340; 8 Am. Jur. 972, section 84; 11 C. J. S. 1135, section 99; Township of Livingston v. Parkhurst, 122 N. J. Law 598, 7 A. 2d 627. In the language of Troy v. Cheshire Railroad Co., 23 N. H. 83, 98, 55 Am. Dec. 177, 184:

"If the bridge, erected by the town, and which they are bound to maintain * * * is destroyed, either wantonly or negligently, by others, the town may, upon what we think are unquestionable principles of common law and common justice, commence their suit against the wrong-doer, and recover all such damages as they have sustained by his wrongful act * * *."

This common-law remedy is not necessarily superseded by statutes providing penalties or new remedies. Struble v. Republic Motor Truck Co., 216 Mich. 299, 185 N. W. 792; Town of Sharon v. Anahama Realty Corp., 97 Vt. 336, 123 A. 192; Jones v. Knutson, 212 Iowa 268, 272, 234 N. W. 548. Nor do statutes providing for criminal liability warrant the inference that, in the absence of statute, there is no civil liability. Pittsburgh, C. C. & St. L. Ry. Co. v. Iddings, 28 Ind. App. 504, 62 N. E. 112.

This bridge on Primary Highway 69 was constructed by Decatur county in 1921. In 1927 the powers and duties of county boards of supervisors with respect to the construction and maintenance of primary roads were transferred to Iowa State Highway Commission (Code, section 4755.33) and refunds

from the primary-road fund were made to Decatur county and other counties for their expenditures in building bridges. Chapter 241.1, Code of 1939.

When highways outside of cities or towns are established across property owned by others the fee title to the land usually remains in the adjoining landowners. The effect of such establishment is to give the public the privilege of travel thereon. The ownership of such easement is in the State, for the benefit of the general public. Although Decatur county constructed, maintained, and had the immediate control of the bridge, it did not own the same. The ownership was in the State, as trustee for the general public. The supreme control was in the State. The rights and powers of Decatur county therein were only those expressly delegated to it and its board of supervisors by statute, or implied as essential to the performance of such delegated duties. Prior to 1927 Decatur county had a qualified interest in the bridge, if we may use that expression, growing out of its powers and duties of construction and maintenance. Because of such duties, damage to the bridge then would have been damage to Decatur county. However, all rights, powers, and duties of Decatur county therein had been terminated before the accident here in question. Hence appellant's contention that this action should have been brought by Decatur county is without merit. Dickinson County v. Fouse, 112 Iowa 21, 83 N. W. 804; Quinn v. Baage, 138 Iowa 426, 433, 114 N. W. 205; 11 C. J. S. 1076, section 45; 39 C. J. S. 1071, 1073, section 136; Iowa Ry. & L. Corp. v. Lindsey, 211 Iowa 544, 231 N. W. 461; Roseau County v. Township of Hereim, 149 Minn. 292, 183 N. W. 518.

II. Iowa State Highway Commission is merely an agent of the State, acting for and on behalf of the State within the powers conferred upon the commission by statute. Long v. Highway Comm., 204 Iowa 376, 378, 213 N. W. 532. Except as authorized by statute such commission has no capacity to sue. 39 C. J. S. 1130, section 159.

Among the powers and duties of the Highway Commission are the construction and maintenance of primary highways. The Commission has not been given the power to maintain suits

generally and prior to 1937 it was not empowered to bring any action to recover for damage to primary highways.

In 1937 the legislature enacted chapter 134, Acts Forty-seventh General Assembly, entitled Motor Vehicle Law. Said act is now chapter 251.1, Code of 1939, entitled Motor Vehicles and Law of Road. Code section 5035.24, which is contained in said chapter is, in part, as follows:

"Liability for damage. Any person driving any vehicle, object, or contrivance upon any highway or highway structure shall be liable for all damage which said highway or structure may sustain as a result of any illegal operation, driving, or moving of such vehicle, object, or contrivance, or as a result of operation, driving, or moving any vehicle, object, or contrivance weighing in excess of the maximum weight in this chapter but authorized by a special permit issued as provided in this chapter. * * *

"Such damage may be recovered in a civil action brought by the authorities in control of such highway or highway structure."

The Highway Commission is in control of this bridge and its counsel contend said section empowers it to maintain this action. The petition charges the vehicle was negligently driven into a corner of the bridge. Section 5035.24 does not mention negligence. However, it is argued that chapter 251.1 is a comprehensive code regulating the operation of motor vehicles and providing penalties for violation of its rules, and that the expression "any illegal operation" as used in section 5035.24 means any operation contrary to any provisions of said chapter, or, in other words, any operation which is negligent because it is illegal under the Motor Vehicle Act.

Counsel for the Commission cite State Highway Comm. v. Stadler, 158 Kan. 289, 148 P. 2d 296, in which a similar statute was held to give the commission a right of action for such negligent acts as amounted to illegal acts under the Kansas act regulating traffic on highways. The result reached in that decision was influenced by the history of such legislation in that state. The decision states the Kansas statute was substituted for prior statutes, by which prior statutes whatever common-law cause of action for negligent destruction of highways had there-

tofore existed in favor of a governmental agency was superseded by the statutory cause of action provided for therein. The Iowa statute is our first legislation upon the subject. Prior thereto the Commission was not empowered to maintain any action for damage to highways. The Iowa statute involves the delegation of power not previously vested in the Highway Commission.

In the original Motor Vehicle Act, and in chapter 251.1, Code of Iowa, 1939, section 5035.24 is placed in a division entitled, Size, Weight, and Load. This division starts with section 5035.01, which makes it a misdemeanor to drive on a highway any vehicle of a size or weight exceeding the limitations of the chapter. Section 5035.02 sets out certain exceptions. Subsequent sections deal with width, projecting loads, height, length, axles, towed vehicles, drawbars, maximum load, permits for excess size and weight, etc. Section 5035.24 refers to damage which a highway or highway structure may sustain (1) from any illegal operation or (2) from the operation of a vehicle weighing more than the statutory maximum but authorized by a special permit. Operation under such permit would not be illegal. That is one of the exceptions listed in section 5035.02. The permit legalizes such operation. Nevertheless, the statute provides for liability for damage resulting therefrom.

The first part of the section refers to "any illegal operation." The context indicates this includes any operation contrary to any of the requirements of the division captioned Size, Weight, and Load, not within the exceptions listed in section 5035.02, but that it does not include operation which may be negligent at common law or negligent because of noncompliance with other provisions of the Motor Vehicle Act. Nor does the language of the statute justify a contrary conclusion. The words "illegal" and "negligent" are not synonymous and we are not prepared to say they should be here so interpreted. Had the legislature intended the statute to include damage resulting from negligent operation such intent could have been expressed in appropriate language. It is our conclusion State Highway Commission is not empowered to maintain this action. The adjudication of the trial court upon this proposition is reversed.

■ III. It is the general rule that, independently of any statutory provision, a state may institute a suit in any of its own courts, whether required by its pecuniary interests or the general public welfare. 49 Am. Jur. 292, section 80; 59 C. J. 299, section 458; Marshall Dental Mfg. Co. v. Iowa, 226 U. S. 460, 33 S. Ct. 168, 57 L. Ed. 300; In re Debs, 158 U. S. 564, 15 S. Ct. 900, 39 L. Ed. 1092. In the language of State v. Garland, 29 N. C. 48, quoted in State v. Georgia Co., 112 N. C. 34, 38, 17 S. E. 10, 11, 19 L. R. A. 485: " 'Every plea of the State is cognizable in a court of record.' " Although none of the above-cited decisions was in tort for damage to property, no decision brought to our attention holds such actions are not within the general rule, nor is there any good reason for excepting such cases from the rule. See State v. Dickey, Tex. Civ. App., 158 S. W. 2d 844; People v. Lang Transp. Corp., 43 Cal. App. 2d 134, 110 P. 2d 464; Jennings v. Piwinski, 136 Misc. 447, 241 N. Y. Supp. 349; People v. O'Brien, 209 N. Y. 366, 103 N. E. 710, 711. The fact that the State may delegate to an agent the power to sue in tort or otherwise indicates such power inheres in the State. We are satisfied the State has the same right to maintain an action in tort for damage to property as it has to maintain any other action. The bridge which was damaged is owned by the State, as trustee for the general public. The immediate control of and duty to repair said bridge is in Iowa State Highway Commission, an agent of the State. Hence the State may maintain this action. The trial court correctly so held.

■ IV. Appellant predicates error upon the order of the court dismissing its counterclaim. Appellant does not contend it could maintain an independent action of this kind against the State or the Highway Commission, but it asserts that when sued by the State or by one of its agencies it may maintain a counterclaim when the basis thereof grows out of the transaction in suit. Appellant's theory is that when a state voluntarily files a suit and submits its rights for judicial determination it waives any right to plead its immunity from suit in connection therewith.

The counterclaim is based upon an alleged tort. 49 Am. Jur. 288, 289, section 76, states:

"* * * the general rule is that the exemption of the state from liability for torts of its officers and agents does not depend upon the state's immunity from suit without its consent, but rests upon grounds of public policy which deny the liability of the state for such damages. It is based upon the sovereign character of the state and its agencies, and the absence of obligations on the part either of the state or such agencies, and not upon the ground that no remedy has been provided."

In the language of Manion v. State Highway Comm., 303 Mich. 1, 19, 5 N. W. 2d 527, 528:

"There is a distinction between sovereign immunity from suit and sovereign immunity from liability. The latter exists when the sovereign is engaged in a governmental function. The former may be waived without a waiver of the latter."

The decision in Post v. Davis County, 196 Iowa 183, 191 N. W. 129, 194 N. W. 245, that the county was not liable for damage resulting from the use of a defective bridge, was based upon the principle of sovereign immunity from liability and not upon the principle that the sovereign could not be sued. Counties may be sued, but had a county been the plaintiff in this case appellant could not have maintained its counterclaim because of the exemption of counties from liability for such torts.

Hence the order dismissing the counterclaim was not erroneous. This conclusion renders unnecessary the consideration of appellant's theory of waiver of immunity from suit or of other propositions presented by appellees in support of the ruling and order.

V. One element of appellees' claim was the cost of maintaining a detour while a temporary bridge was constructed. Appellees have appealed from the adjudication that such cost is not a proper element of damage. They cite no authorities in support of their contention and the proposition has never been determined by this court. Various expressions have been used by other courts in stating the amount allowable for damage to public bridges, such as cost of repairing, cost of rebuilding, amount necessary to repair or restore, expense incurred to re-

build and repair, amount necessary to restore to former condition. State Highway Comm. v. Stadler, 158 Kan. 289, 148 P. 2d 296; West v. Martin, 51 Wash. 85, 97 P. 1102, 21 L. R. A., N. S., 324; Cue v. Breland, 78 Miss. 864, 29 So. 850; Town of Fort Covington v. United States & C. R. Co., 8 App. Div. 223, 40 N. Y. Supp. 313; Steuben Twp. v. Lake Shore & M. S. Ry Co., 58 Ind. App. 529, 108 N. E. 545; Southern Ry. Co. v. Black Diamond Collieries, Inc., 9 Tenn. App. 225; J. W. Paxson Co. v. Board of Freeholders, 3 Cir., N. J., 201 F. 656; In re Hibbard, 2 Cir., N. Y., 27 F. 2d 686; 8 Am. Jur. 972, section 84: 11 C. J. S. 1137, section 100.

The question of the expense of maintaining a temporary detour was not considered in any of the foregoing cases except State Highway Comm. v. Stadler, supra, which followed State Highway Comm. v. American Mut. L. Ins. Co., 146 Kan. 187, 70 P. 2d 20, 22, in holding such expense was not allowable under a statute which allowed recovery for damages to the bridge itself. Likewise, under section 5035.24, Code of Iowa, 1939, hereinbefore set out in part, recovery is limited to damage to the highway or structure. Although that section does not govern this case, it would seem desirable, from the standpoint of uniformity, that a like rule be here adopted.

Under the circumstances we are constrained to hold that the cost of maintaining the detour is not a proper element of damage in this case. This accords with the adjudication of the trial court.

As hereinbefore noted, the adjudication of the trial court that Iowa State Highway Commission may maintain this action is reversed. Upon all other propositions the adjudication and order are affirmed.—Affirmed in part; reversed in part.

All JUSTICES concur.